UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

HARRIETTE WALTERS,

Defendant.

Criminal No. 07-537-M (AK)

## DETENTION MEMORANDUM

The Defendant, Harriette Walters, has been charged in a ten-count criminal complaint with mail fraud, in violation of 18 U.S.C. §§ 1341, 2, conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341, 1349, interstate transportation of stolen property, in violation of 18 U.S.C. §§ 2314, 2, laundering of monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(1)-(2), 2, conspiracy to launder monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(1)-(2), 1956(h), engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. §§ 1957, 2, conspiracy to engage in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. §§ 1957, 1956(h), bank fraud, in violation of 18 U.S.C. §§ 1344, 2, conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349, and conspiracy, in violation of 18 U.S.C. §§ 371.

The government requested a detention hearing, which was held on November 13, 2007.  At

- 1 -

the conclusion of the hearing, the Court found that the Defendant should be held without bond.  This

memorandum is submitted to comply with the statutory obligation that "the judicial officer shall

include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C.

§ 3142(i)(1).


## Findings of Fact

At the detention hearing, the government proffered that the Defendant, along with her co-

conspirators, organized and carried out a sophisticated scheme to embezzle over $20 million from

her employer, the District of Columbia government, by issuing fraudulent property tax refunds.  The

government alleges that the Defendant was a critical member of the conspiracy because she was

responsible for approving the tax vouchers.  The government further alleges that the Defendant was

able to corrupt a bank manager to assist her in laundering the embezzled funds and that the

Defendant had custody and control of the sham corporate accounts in which the unlawful proceeds

were deposited.

Of the over $20 million that the government alleges was stolen, only $6.5 has been located.

The government therefore believes that there is a "cache" of money to which the Defendant has

access and which she could use to flee from prosecution.  The government also expressed concerns

about the Defendant's ties to the United States Virgin Islands and the fact that federal agents found

a passbook to a bank account in Puerto Rico in her house.  Finally, the government believes that the

amount of loss to the D.C. government, the amount of potential incarceration that the Defendant is

facing if convicted, and the weight of the evidence against her all give her motive to flee.

## <u>Discussion</u>

The Court can hold a criminal defendant pre-trial if it finds, by a preponderance of the evidence, that the defendant poses a risk of flight. *See United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996). The Court can also hold a criminal defendant pre-trial if it finds, by clear and convincing evidence, that the Defendant poses a serious risk of obstructing or attempting to obstruct justice. *See United States v. Leon*, 766 F.2d 77, 82 (2d Cir. 1985).

The government argues that the Court should find that this Defendant poses both a risk of flight and a serious risk of obstructing or attempting to obstruct justice. The Court finds that the government has not presented clear and convincing evidence that the Defendant poses a serious risk of obstructing or attempting to obstruct justice. Therefore, the Court will only consider whether there exist conditions or a combination of conditions that would reasonably assure the Defendant's presence at all future court appearances.

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor - the nature and circumstances of the offense charged - supports detention in this case. The Defendant was an integral member of a sophisticated embezzlement scheme that stretches back to at least 2004. The total loss to the D.C. government is in excess of $20 million, and that figure is likely to grow as the government identifies additional fraudulent checks and

investigates conduct prior to 2004. Of that $20 million, the government has only been able to recover approximately $6.5 million in the form of bank accounts, real estate, vehicles, and personal property. That leaves approximately $16 million to which the Defendant would potentially have access should she be released pending trial.[1] The sheer magnitude of the money allegedly embezzled from the District of Columbia, as well as the sophistication with which the Defendant carried out the scheme, gives the Court serious concern that, if released, the Defendant would remain within the United States and return to court.

The second factor - the weight of the evidence against the Defendant - supports detention in this case as well. The government has amassed, and continues to amass, significant evidence against the Defendant and her co-conspirators in the form of fraudulent checks, bank activity, and other monetary transactions during the years in question. Moreover, the government proffered that the Defendant confessed to her illegal activity at the time of her arrest.

The third factor - the Defendant's history and characteristics - also supports detention. The Defendant was born in the United States Virgin Islands and owns property and has family there. Although the Virgin Islands is a United States territory, it would be easy for the Defendant to travel to the Virgin Islands and then continue on to a foreign country to evade prosecution. The Defendant has lived in the District of Columbia for twenty-five years and is a United States citizen, but has no family here and, as a result of the charges filed against her, is no longer employed.

Considering all the factors presented to this Court and weighing all the less restrictive alternatives to pretrial detention, the undersigned finds by a preponderance of the evidence that the

---

[1] The Court indicated at the detention hearing that the Defendant's bond status could be revisited if she establishes that she is indigent and does not have access to the measure of funds that the government alleges.

government has met its burden that the Defendant poses a serious risk of flight and should not be released prior to trial.

### **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(e), this Court concludes by a preponderance of the evidence that the evidence establishes that there exist no conditions nor combination of conditions which would assure the return of this Defendant to all future court appearances.  Therefore, the government's motion for pretrial detention is granted.

Dated: November  14 , 2007                        _____/s/_____
                                                                          ALAN KAY
                                                                          UNITED STATES MAGISTRATE JUDGE