### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBA

**UNITED STATES OF AMERICA**

     v.                          **MAG NO. 07-537-M-01**

**HARRIETTE WALTERS,**

     **Defendant**

### GOVERNMENT'S MOTION FOR CONTINUANCE
### PURSUANT TO 18 U.S.C. § 3161(h)(8)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests a 90-day continuance under the Speedy Trial Act, and in support thereof states as follows:

1.     On November 7, 2007, Harriette Walters was arrested on a ten-count criminal complaint.

2.     On November 13, 2007, Ms. Walters waived her preliminary hearing and was held pending trial following a detention hearing.

3.     On November 21, 2007, Ms. Walters moved to exclude twelve days under the Speedy Trial Act, and the Court granted that motion.

4.     Pursuant to the Speedy Trial Act, any indictment or information resulting from the charge against Walters must be filed within 30 days of her arrest, 18 U.S.C. § 3161(b); but, given her waiver of twelve days under the Act, any indictment or information must be filed on or before Wednesday, December 19, 2007. Ms. Walters is scheduled to appear in Court on Thursday, December 20, 2007.

5.      The complaint filed against Walters is part of a larger investigation being conducted by the United States Attorney's Office for the District of District of Columbia, the United States Attorney's Office for the District of Maryland, the Federal Bureau of Investigation, the Internal Revenue Service, the District of Columbia Office of Inspector General, and the District of Columbia Office of Integrity & Oversight in the Office of the Chief Financial Officer, among others. The investigation relates to a scheme to embezzle tens of millions of dollars from the District of Columbia Office of Tax & Revenue over a lengthy period of time.

6.      Thus far, and in addition to Ms. Walters, the investigation has resulted in the arrest of six other participants in her scheme, including Diane Gustus, Jayrece Turnbull, Connie Alexander, Richard Walters, Ricardo Walters, and Walter Jones. The investigation has also resulted in the search of several locations and the seizures of personal and real property.

7.      The scheme under investigation was complex and long-standing. Ms. Walters, aided and abetted by others, would obtain fraudulent property tax refunds by approving property tax voucher requests supported by checks and other documents that appeared to, but did not in fact, support a refund request. She chose lot and square numbers for the properties purportedly entitled to property tax refunds that were similar to, but not exactly, genuine square and lot numbers. She had the refund checks made out to payees who typically received property tax refunds from the Office of Tax & Revenue—so the large amounts of money being paid out would not arouse suspicions—but then she added additional payees that were in the names of co-conspirators or sham companies, so the checks could be deposited more easily into accounts she controlled. Other times she, or one of her co-conspirators, simply signed the back of refund

checks made out to apparently legitimate companies and made them payable to one of her co-conspirators or to one of the sham companies she controlled.

8.      With the help of a deputy manager at a financial institution, Walter Jones, and co-conspirators acting on her behalf, Walters was able to deposit the fraudulently obtained property tax refund checks and move proceeds among and between accounts she and her conspirators controlled.  Her scheme involved significant efforts and financial transactions to conceal proceeds of the scheme and further and promote the scheme itself.  The proceeds have been distributed locally, nationally, and internationally.

9.      Given the breadth, length, and complexity of the scheme, the investigation is not complete; to the contrary, it has an intensive, ongoing focus.  Thus, the government and its investigators are in the process of reviewing extraordinarily large volumes of governmental and financial records covering a significantly long period of time.  Moreover, the government expects that the volume of records will only continue to increase as the investigation proceeds, particularly since financial records generally take more time to obtain the farther back in time they were created.

10.     Given the amount of money stolen, the obvious risk of flight by participants in the scheme, and the need to prevent further embezzlement from the District of Columbia, the government was not able to complete its investigation before it became of paramount importance that Ms. Walters and her co-conspirators be arrested.

11.     The government requests additional time to facilitate a full and complete grand jury investigation that determines the full scope of the loss to the District of Columbia and the full set of participants in Ms. Walters's scheme.

12.    The government would be willing to provide additional reasons in support of its motion on an ex parte basis at any hearing on this motion.

13.    Under the circumstances, the government respectfully requests that the Court grant a 90-day continuance under the Act on the grounds that (1) "the facts upon which the grand jury must base its determination are unusual or complex;" and (2) "failure to grant such a continuance in the proceeding would be likely to * * * result in a miscarriage of justice."  See 18 U.S.C. § 3161(h)(8)(B)(ii)-(iii).

14.    The defendant, through counsel, does not contest that this is an unusual and complex case for purposes of 18 U.S.C. §3161(h)(8)(B)(iii).

15.    For the foregoing reasons, the ends of justice will be served by granting a 90-day continuance of time within which to file an information or indictment, and those ends outweigh the best interests of the public and the defendant in a speedy trial because it will permit a full and complete grand jury investigation into this matter, and will allow the parties sufficient time to discuss a potential resolution of the case.

4

**WHEREFORE**, the government respectfully requests that the Court grant its motion for

a 90-day continuance under the Speedy Trial Act.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610

By: _____

Timothy G. Lynch, D.C. Bar. No. 456506
Geoffrey L.J. Carter, D.C. Bar No. 460971
Assistant United States Attorneys
Fraud & Public Corruption Section
555 Fourth Street, NW
Washington, D.C.  20530
(202) 353-4862
timothy.lynch2@usdoj.gov

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

  v.         **MAG NO. 07-537-M-01**

**HARRIETTE WALTERS,**

    **Defendant**

## <u>ORDER</u>

Upon consideration of the Motion for Continuance pursuant to 18 U.S.C. § 3161(h)(8), the Court makes the following findings:

  1.  On November 7, 2007, Harriette Walters was arrested on a ten-count criminal complaint.

  2.  On November 13, 2007, Ms. Walters waived her preliminary hearing and was held pending trial following a detention hearing.

  3.  On November 21, 2007, Ms. Walters moved to exclude twelve days under the Speedy Trial Act, and the Court granted that motion.

  4.  Pursuant to the Speedy Trial Act, any indictment or information resulting from the charge against Walters must be filed within 30 days of her arrest, 18 U.S.C. § 3161(b); but, given her waiver of twelve days under the Act, any indictment or information must be filed on or before Wednesday, December 19, 2007. Ms. Walters is scheduled to appear in Court on Thursday, December 20, 2007.

5.      The complaint filed against Walters is part of a larger investigation being

conducted by the United States Attorney's Office for the District of District of Columbia, the

United States Attorney's Office for the District of Maryland, the Federal Bureau of Investigation,

the Internal Revenue Service, the District of Columbia Office of Inspector General, and the

District of Columbia Office of Integrity & Oversight in the Office of the Chief Financial Officer,

among others.  The investigation relates to an alleged scheme to embezzle tens of millions of

dollars from the District of Columbia Office of Tax & Revenue over a lengthy period of time.

6.      Thus far, and in addition to Ms. Walters, the investigation has resulted in the

arrest of six other participants in her scheme, including Diane Gustus, Jayrece Turnbull, Connie

Alexander, Richard Walters, Ricardo Walters, and Walter Jones.  The investigation has also

resulted in the search of several locations and the seizures of personal and real property.

7.      Based upon the Affidavit in Support of the Arrest Warrant and Complaint and

attachments thereto, the scheme under investigation was complex and long-standing.

8.      The investigation is ongoing and involves the review of an extraordinarily large

volume of governmental and financial records over a significant period of time.

9.      The government requests additional time to facilitate a full and complete grand

jury investigation that determines the full scope of the loss to the District of Columbia and the

full set of participants in Ms. Walters's scheme.

10.      Ms. Walters, through counsel, does not contest that this is an unusual and

complex case for purposes of 18 U.S.C. § 3161(h)(8)(B)(iii).

11.    Under the circumstances, I find that "it is unreasonable to expect return and filing of the indictment within the period specified in 18 U.S.C. § 3161(b) * * * because the facts upon which the grand jury must base its determination are unusual and complex." See 18 U.S.C. § 3161(h)(8)(B)(iii). I further find that "failure to grant such a continuance in the proceeding would be likely to * * * result in a miscarriage of justice." See 18 U.S.C. § 3161(h)(8)(B)(i).

12.    For the foregoing reasons, the ends of justice will be served by granting a 90-day continuance of time within which to file an information or indictment, and those ends outweigh the best interests of the public and the defendant in a speedy trial because it will permit a full and complete grand jury investigation into this matter, and will allow the parties sufficient time to discuss a potential resolution of the case.

Wherefore, in the interest of the defendant and the interests of the public, it is this ____ of December 2007, **ORDERED** that the time by which the Government must formally file an indictment or information against Ms. Walters under the Speedy Trial Act, 18 U.S.C. § 3161, is hereby continued for an additional period of 90 days from Wednesday, December 19, 2007.

_____

United States Magistrate Judge