IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBA

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　MAG NO. 07-537-M-01

HARRIETTE WALTERS,

　　　Defendant

## JOINT MOTION FOR CONTINUANCE
## PURSUANT TO 18 U.S.C. § 3161(h)(8)

Harriette M. Walters and the United States of America jointly request a 90-day continuance under the Speedy Trial Act, and in support thereof state as follows:

1.　　The complaint filed against Ms. Walters is part of a larger investigation being conducted by the United States Attorney's Office for the District of District of Columbia, the United States Attorney's Office for the District of Maryland, the Federal Bureau of Investigation, the Internal Revenue Service, the District of Columbia Office of Inspector General, and the District of Columbia Office of Integrity & Oversight in the Office of the Chief Financial Officer, among others.

2.　　Given the breadth, length, and complexity of the facts under investigation, the investigation remains ongoing.  The government and its investigators are continuing to review extraordinarily large volumes of governmental and financial records covering a significantly long period of time.

3.　　The parties request additional time so the government may conduct a full and complete grand jury investigation, and so Ms. Walters and her counsel have sufficient time to investigate all relevant facts.

4. The government would be willing to provide additional reasons in support of the joint motion on an <u>ex parte</u> basis at any hearing on this motion.

5. Under the circumstances, the parties respectfully request that the Court grant a 90-day continuance under the Act on the grounds that (1) "the facts upon which the grand jury must base its determination are unusual or complex;" and (2) "failure to grant such a continuance in the proceeding would be likely to * * * result in a miscarriage of justice." See 18 U.S.C. § 3161(h)(8)(B)(ii)-(iii).

6. For the foregoing reasons, the ends of justice will be served by granting a 90-day continuance of time within which to file an information or indictment, and those ends outweigh the best interests of the public and the defendant in a speedy trial because it will permit a full and complete grand jury investigation into this matter, and will allow the parties sufficient time to discuss a potential resolution of the case.

WHEREFORE, the parties respectfully request that the Court grant their motion for a 90-day continuance under the Speedy Trial Act.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY
                              D.C. Bar No. 498610

By: _____
Timothy G. Lynch, D.C. Bar. No. 456506
Geoffrey L.J. Carter, D.C. Bar No. 460971
David S. Johnson, D.C. Bar No. 477298
Assistant United States Attorneys
Fraud & Public Corruption Section
555 Fourth Street, NW
Washington, D.C. 20530
(202) 353-4862
timothy.lynch2@usdoj.gov

_____ /by TGL
Steven Tabackman, Esquire
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Avenue, NW
Suite 300
Washington, D.C. 20006
(202) 454-2811

Counsel for Ms. Walters

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                     MAG NO. 07-537-M-01

HARRIETTE WALTERS,

       Defendant

## ORDER

Upon consideration of the Joint Motion for Continuance pursuant to 18 U.S.C. § 3161(h)(8), the Court makes the following findings:

1. The investigation in this matter is ongoing and involves the review of an extraordinarily large volume of governmental and financial records over a significant period of time.

2. The parties request additional time to facilitate a full and complete grand jury investigation and to allow Ms. Walters and her counsel sufficient time to investigate all relevant facts.

3. Under the circumstances, I find that "it is unreasonable to expect return and filing of the indictment within the period specified in 18 U.S.C. § 3161(b) * * * because the facts upon which the grand jury must base its determination are unusual and complex." See 18 U.S.C. § 3161(h)(8)(B)(iii). I further find that "failure to grant such a continuance in the proceeding would be likely to * * * result in a miscarriage of justice." See 18 U.S.C. § 3161(h)(8)(B)(i).

4.  For the foregoing reasons, the ends of justice will be served by granting a 90-day continuance of time within which to file an information or indictment, and those ends outweigh the best interests of the public and the defendant in a speedy trial because it will permit a full and complete grand jury investigation into this matter, and will allow the parties sufficient time to discuss a potential resolution of the case.

Wherefore, it is this ____ of March 2008, **ORDERED** that the time by which the Government must formally file an indictment or information against Ms. Walters under the Speedy Trial Act, 18 U.S.C. § 3161, is hereby continued for an additional period of 90 days.

 

_____
Honorable John M. Facciola
United States Magistrate Judge