IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                      MAG NO. 07-537-M-01

HARRIETTE WALTERS,

      Defendant


**JOINT MOTION FOR CONTINUANCE PURSUANT TO 18 U.S.C. § 3161(h)(8)**

      The United States of America and Defendant Harriette Walters respectfully request a 45-day continuance under the Speedy Trial Act. In support thereof, the parties state as follows:

      1.    Pursuant to the Speedy Trial Act, any indictment or information resulting from the charges against Defendant Walters must be filed within 30 days of her arrest, 18 U.S.C. § 3161(b). Given her previous waivers under the Act, any indictment or information must be filed on or before June 16, 2008.

      2.    The complaint filed against Defendant Walters is part of a larger investigation being conducted by the United States Attorney's Office for the District of District of Columbia, the United States Attorney's Office for the District of Maryland, the Federal Bureau of Investigation, the Internal Revenue Service, the District of Columbia Office of Inspector General, and the District of Columbia Office of Integrity & Oversight in the Office of the Chief Financial Officer, among others. The investigation relates to a scheme to embezzle tens of millions of dollars from the District of Columbia Office of Tax & Revenue over a lengthy period of time.

      3.    Thus far, the investigation has resulted in the arrest of multiple individuals, including Diane Gustus, Jayrece Turnbull, Connie Alexander, Richard Walters, Ricardo Walters,

Walter Jones, Patricia Steven, Robert Steven, and Alethia Grooms. The investigation has also resulted in the search of several locations and the seizure of personal and real property. To date, Ricardo Walters, Marilyn Yoon, Walter Jones, and Richard Walters have pled guilty to related offenses in the United States District Court for the District of Maryland.

4. Given the breadth, length, and complexity of the scheme, the investigation is moving forward but not yet complete. The government and its investigators continue to review extraordinarily large volumes of governmental and financial records covering a significantly long period of time.

5. The parties request additional time to facilitate a full and complete grand jury investigation, to permit Defendant Walters and her counsel sufficient time to investigate all facts, and to allow the parties the opportunity to discuss a potential resolution of the case.

6. Under the circumstances, the government respectfully requests that the Court grant a 45-day continuance under the Act on the grounds that (1) "the facts upon which the grand jury must base its determination are unusual or complex;" and (2) "failure to grant such a continuance in the proceeding would be likely to * * * result in a miscarriage of justice." See 18 U.S.C. § 3161(h)(8)(B)(ii)-(iii).

7. For the foregoing reasons, the ends of justice will be served by granting a 45-day continuance of time within which to file an information or indictment, and those ends outweigh the best interests of the public and the defendant in a speedy trial because it will permit a full and complete grand jury investigation into this matter, and will allow the parties sufficient time to discuss a potential resolution of the case.

**WHEREFORE**, the parties respectfully request that the Court grant their joint motion for a 45-day continuance under the Speedy Trial Act.

Respectfully submitted,

By: /s/
Timothy G. Lynch, D.C. Bar No. 456506
David S. Johnson, D.C. Bar No. 477298
Assistant United States Attorneys
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-4862
timothy.lynch2@usdoj.gov

By: /s/
Steven C. Tabackman, Esq.
1747 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20006
(202) 454-2811
Stabackman@tighepatton.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    v.                                  MAG NO. 07-537-M-01

HARRIETTE WALTERS,

        Defendant

## ORDER

Upon consideration of the Joint Motion for Continuance Pursuant to 18 U.S.C. § 3161(h)(8), the Court makes the following findings:

1. The investigation in this matter is ongoing and involves the review of an extraordinarily large volume of governmental and financial records over a significant period of time.

2. The parties request additional time to facilitate a full and complete grand jury investigation, to permit Defendant Walters and her counsel sufficient time to investigate all facts, and to allow the parties the opportunity to discuss a potential resolution of the case.

3. Under the circumstances, I find that "it is unreasonable to expect return and filing of the indictment within the period specified in 18 U.S.C. § 3161(b) * * * because the facts upon which the grand jury must base its determination are unusual and complex." See 18 U.S.C. § 3161(h)(8)(B)(iii). I further find that "failure to grant such a continuance in the proceeding would be likely to * * * result in a miscarriage of justice." See 18 U.S.C. § 3161(h)(8)(B)(i).

4. For the foregoing reasons, the ends of justice will be served by granting a 45-day continuance of time within which to file an information or indictment, and those ends outweigh

the best interests of the public and the defendant in a speedy trial because it will permit a full and complete grand jury investigation into this matter, and will allow the parties sufficient time to discuss a potential resolution of the case.

Wherefore, it is this \_\_\_\_ day of May, 2008, hereby

**ORDERED** that the time by which the Government must formally file an indictment or information against Defendant Harriette Walters under the Speedy Trial Act, 18 U.S.C. § 3161, is continued for an additional period of 45 days.

**SO ORDERED**.

_____
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing Joint Motion for Continuance Pursuant to 18 U.S.C. § 3161(h)(8) and proposed Order to be served on counsel for Defendant Harriette Walters, Steven C. Tabackman, via electronic filing on this 30th day of May, 2008.

/s/
David S. Johnson
Assistant United States Attorney